813 F.2d 1227
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
E.F. HUTTON MORTGAGE CORPORATION, Plaintiff-Appellant,
v.
Michael H. CLOTT, Defendant & Third Party Plaintiff-Appellee,
and
First American Mortgage Company, Inc.; Fam Mortgage
Servicing, Inc.; M H Mortgage Co Inc; First American
Mortgage Company, Inc. (Alabama); First Financial Mortgage
Company of Arizona, Inc.; First Coast Mortgage Company of
California, Inc.; 1st American Mortgage Company, Inc.;
First Shore Mortgage Company; First American South
Corporation (Georgia); First American Mortgage Company of
Idaho, Inc.; First Illinois Mortgage Company, Inc.; First
American Mortgage Company of Louisiana, Inc.; First
American Mortgage Company of Minnesota, Inc.; First
American Mortgage Company of Nevada, Inc.; First American
Mortgage Company of New Hampshire, Inc.; First American
Mortgage Company of New Jersey, Inc.; First American
Mortgage Company of Ohio, Inc.; First American Mortgage
Company of Oregon, Inc.; First New Mexico Mortgage Company,
Inc.; First American Mortgage Company, Inc. (South
Carolina); First American South Corporation (Virginia);
Lerch, Early, Roseman and Frankel Chartered; Roger Frankel, Defendant,
Ernst & Whinney, a partnership, Third Party Defendant.
 No. 86-3124.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 6, 1987.
Decided March 4, 1987.
 
 Before HALL and WILKINSON, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 David Roy Kittay (Caldwalader, Wickersham & Taft; Christian, Barton, Epps, Brent & Chappell, on brief), for appellant.
 Philip Melton Andrews (Andrew Jay Graham; Lee H. Ogburn; Kramon & Graham, P.A., on brief), for appellee.
 PER CURIAM:
 
 
 1
 E.F. Hutton Mortgage Corporation ("E.F. Hutton") appeals from the district court's order modifying a preliminary injunction. The order establishes the amount of financial expenditures which Michael Clott can make each week from his private assets during the pendency of E.F. Hutton's action against him brought pursuant to the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. Sec. 1964 (1984). We affirm.
 
 
 2
 This is not the first time we have addressed this preliminary injunction. In E.F. Hutton Mortgage Corp. v. Michael Clott, No. 86-3820 (4th Cir. July 16, 1986) (unpublished), E.F. Hutton appealed an order of the district court vacating a temporary restraining order ("TRO"). The TRO, which had been in effect for 96 days, prevented Clott from spending more than $1,000 of his personal assets per week, excluding legal fees. We treated the TRO as a preliminary injunction[1] and reinstated it, after E.F. Hutton demonstrated to our satisfaction that Clott was likely to conceal and dispose of his assets if no limitations were placed on his financial disbursements. However, we specified that the reinstated preliminary injunction was "subject to modification or revocation by the district court for adequate cause." Id.
 
 
 3
 Subsequently, on August 14, 1986, the district court modified the preliminary injunction to permit Clott also to spend sums earned thereafter in his new position as a consultant. E.F. Hutton brought the instant appeal, contending that the district court abused its discretion in modifying the preliminary injunction because Clott had made no showing of either hardship or a change in circumstances. Furthermore, E.F. Hutton argues that Clott is likely to attempt to circumvent this modified order by disguising previously earned assets as new assets obtained through his consulting work. We disagree with each of these arguments.
 
 
 4
 Contrary to appellant's contention, Clott has demonstrated a change in circumstances through evidence of his new position as a consultant. Permitting Clott to spend assets earned in the future creates an incentive for appellant to enlarge his assets and therefore could ultimately benefit E.F. Hutton should it avail on the merits. Moreover, we note that the order requires Clott to maintain an accounting of all sums thereafter earned by him and of all disbursements of these funds. If E.F. Hutton doubts the propriety of Clott's expenditures, its proper recourse is to bring this allegation to the attention of the district court by either an action for contempt of court, or a motion for further modification of the preliminary injunction.
 
 
 5
 Finding no abuse of discretion, we accordingly affirm.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 Normally, an order granting or denying a TRO is not immediately appealable. However, where a TRO is in effect for a substantial period of time, in excess of the ten-day limit for such orders set forth in Fed.R.Civ.P. 65(b), it may be treated as a preliminary injunction and is thus appealable under 28 U.S.C. Sec. 1292(a) (1966). In re Arthur Treacher's Franchise Litigation, 689 F.2d 1150, 1154 (3rd Cir.1982) (TRO which had been in effect 80 days was treated as a preliminary injunction)